# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| HEATHER MALONE,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   Cause No.: 1:17-CV-505-WCL-PRC |
| JUDGE THOMAS HAKES, in his individual capacity,<br>      Defendant. | )<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Seal Exhibits or for Protective Order [DE 4], filed by Defendant Judge Thomas Hakes on December 11, 2017.

Northern District of Indiana Local Rule 5-3 provides that "[n]o document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). The general presumption is that judicial records are public, but this can be overridden when "the property and privacy interests of the litigants . . . predominate in the particular case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The bar is quite high: "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). A motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *See Citizens First*, 178 F.3d at 945. Further, the decision of whether good cause exists to file a document under seal rests solely with the Court. *Id.* ("The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal.").

Defendant asks the Court to seal Exhibits A, B, C, D, F, I, and L to the Complaint in their entirety on the basis that the exhibits contain "confidential information." (ECF 4, p. 1). However, Defendant does not explain what information within each exhibit is confidential or how the information is confidential within the standard set forth by the Seventh Circuit Court of Appeals. Rather, Defendant asserts generally that the exhibits are "communications relating to court business between Judge Hakes and Ms. Malone, an employee of the Huntington Superior Courts." (ECF 4, p. 2). Defendant has also redacted specific portions of several exhibits on the basis that they contain "confidential" information. From the notice of removal and from the state court file stamp on the unredacted exhibits filed under seal in this court, it appears that these exhibits were not redacted when originally filed by Plaintiff and that Defendant redacted the exhibits before removing the case to this Court.

The Court's review of unredacted Exhibits A, B, C, D, F, I, J, and L, as set forth below, shows that the exhibits are almost entirely personal messages related to the allegations of the Complaint and that there is no basis to seal any portion of the exhibits with two exceptions.

Exhibit A is a personal message chain as well as a few email messages between Defendant and Plaintiff primarily on personal topics and not related to court business. The few references to court business are vague and non-case specific. Having reviewed the redactions, there is no basis to seal any part of Exhibit A.

Exhibit B is a personal email from Defendant to Plaintiff related to the subject matter of the Complaint. It contains no court business. There is no basis to seal Exhibit B.

Exhibit C is a personal email from Defendant to Plaintiff with approximately half of the text redacted. The unredacted portion of the text is related to the subject matter of the Complaint and

2

contains no court business. However, having reviewed the redactions, the Court finds that there is a basis to maintain under seal a portion of the redacted material as confidential employment information. The Court orders Defendant to modify the redactions to Exhibit C to <u>maintain</u> all the redactions <u>except</u> for the following three sentences for which the redactions shall be removed: "Am I comfortable in the courthouse. . . not by a long shot. When you closed the chamber door yesterday, it was the first time I allowed that in 2 months."; "When I said I am probably going to quit, I meant it . . . . Nell says no, you are not a quitter."; and "You may be better off over in Superior. . . I don't know how long I will last or what the next two years will bring."

Exhibit D is a personal message chain between Defendant and Plaintiff primarily on personal topics and not related to court business. The only reference to court business is the years of Plaintiff's employment history, which is not confidential. Having reviewed the redactions, there is no basis to seal any portion of Exhibit D.

Exhibit F is a personal email from Defendant to Plaintiff that is not related to court business. There is no basis to seal Exhibit F.

Exhibit I is a personal email chain between Defendant and Plaintiff. The references to Plaintiff's work is not sensitive. Having reviewed the redactions, there is no basis to seal any portion of Exhibit I.

Exhibit J contains the names and email addresses of individuals in a work-related context. These individuals are not involved in this litigation, and their names and email addresses should remain redacted. However, there is no basis for redacting the date, name, and location of professional training sessions. Accordingly, the Court orders Defendant to modify the redactions to Exhibit J to <u>maintain</u> only the redaction of the email addresses in the "To" and "Cc" lines on page

1 and the names other than Heather's on pages 1 and 2 and to <u>remove</u> the redaction of the date, name, and location of the training sessions.

Exhibit L is a personal email from Defendant to Plaintiff. Having reviewed the redactions, there is no basis to redact any portion of Exhibit L.

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Defendant's Motion to Seal Exhibits or for Protective Order [DE 4]. The Court **ORDERS** Defendant to **FILE** as one docket entry, with a link to the Complaint, unredacted Exhibits A, B, D, F, I, and L and partially redacted Exhibits C and J as set forth above.

SO ORDERED this 18th day of December, 2017.

                                              s/ Paul R. Cherry
                                             MAGISTRATE JUDGE PAUL R. CHERRY
                                             UNITED STATES DISTRICT COURT