**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| HEATHER MALONE, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 1:17-CV-505-WCL-PRC |
| ) | |
| JUDGE THOMAS HAKES, in his individual ) | |
| capacity, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Stay All Discovery Unrelated to the Immunity Issue [DE 24], filed by Defendant Judge Thomas Hakes on February 27, 2018. Plaintiff Heather Malone filed a response on March 6, 2018, and Defendant filed a reply on March 13, 2018.

In the motion, Defendant represents that there is a "substantial likelihood that this case may be disposed of based on immunity," argues that "Plaintiff should not be permitted to engage in discovery related to her purported claims until this Court has determined whether Plaintiff has a claim resolved by the doctrine of absolute and/or qualified immunity," and asks the Court to "stay discovery pending ruling on the issue of immunity." (ECF 24, ¶¶ 8, 10, "wherefore" clause).

First, there is no motion on the issue of immunity pending before the Court. *Compare Barker v. Vill. of Cahokia*, 06-CV-830, 2007 WL 1757412 (N.D. Ill. June 19, 2007) (cited by Defendant) (staying all discovery until the court resolved the immunity issues raised by the defendants in the pending motion to dismiss). Moreover, Defendant has not identified the basis for his immunity defense with any specificity.

Second, the Court held the preliminary pretrial conference pursuant to Federal Rule of Civil Procedure 16(b) on January 25, 2018, and entered a scheduling order that same date. Although the Report of Parties' Planning Meeting lists "immunity" as a category of discovery, the Report does

not request, or even suggest, the bifurcation of discovery into stages. The report simply provides: "Discovery will be needed on the following subjects: (i) Immunity (ii) Plaintiff's claims and damages, if any (iii) Defendant's defenses." (ECF 18, ¶ 4). Nor did counsel for Defendant request bifurcated discovery at the conference, despite the representation that Defendant intended to conduct expedited discovery on the matter of immunity. And, Defendant has not identified any change of circumstances since the January 25, 2018 scheduling conference to justify not addressing the bifurcation of discovery at the conference. Thus, Defendant has not shown good cause for modifying the Rule 16(b) scheduling order entered by the Court on January 25, 2018. *See* Fed. R. Civ. P. 16(b)(4).

For these reasons, the Court hereby **DENIES** the Motion to Stay All Discovery Unrelated to the Immunity Issue [DE 24]. The Court **ORDERS** that the deadline for Defendant to respond to any discovery requests served by Plaintiff for which the response deadline has expired during the time this Motion to Stay has been pending is extended to **April 11, 2018**.

SO ORDERED this 14th day of March, 2018.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT